VILLANTI, Judge.
This is in Anders[1] appeal after modification of Ashley Cooper’s probation. Our independent review of the record reveals *582 no issue of arguable merit, but we remand for entry of a revised order modifying probation that conforms to the trial court’s oral declaration.
Cooper admitted violating condition three of her probation by changing her residence without the knowledge and consent of her probation officer. The trial court orally found that she had violated condition three and modified her probation, extending it twelve months. However, the written order modifying probation does not conform to the trial court’s oral declaration because it does not reflect the specific condition of probation which Cooper violated. To avoid future confusion and to facilitate review, Feezel v. State, 463 So.2d 1244, 1245 (Fla. 2d DCA 1985), requires that the order be corrected to reflect the specific condition of probation violated. Thus, we affirm the modification of Cooper’s probation but remand the case for correction of the order modifying probation.
Affirmed; remanded with directions.
NORTHCUTT and DAVIS, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).